## Patrick Dunn v. The State.

1. **Change of Venue.** — Art. 583 of the Revised Code of Criminal Procedure enacts that "the credibility of the persons making affidavit for change of venue, or their means of knowledge, may be attacked by the affidavit of a credible person, and the issue thus formed shall be tried and determined by the judge, and the application granted or refused, as the law and the facts shall warrant." This is a new provision, and supplements the preëxisting law on the subject of change of venue at the instance of defendants, reënacted in the preceding art. 578, which empowers a defendant to tender to the State the issue whether there is such prejudice against him in the county as would deprive him of a fair trial, and submits that issue to the determination of the court, but prescribes no rule or means for the guidance of the court in determining it. Art. 583 provides these means, and enables the prosecution, by the affidavit of a credible person, to attack the credibility or the means of knowledge of the persons who made the affidavit in support of the defendant's application. The attacking affidavit may be made by the attorney for the State.

2. **Same.** — In determining the issue thus presented, the court may not only investigate the general reputation for veracity of the supporting affiants, but also their interest, feelings, relation to the defendant, and like motives, as well as their means of knowledge. A truthful man is not always a "credible person" in a matter involving his information, interests, or feelings.

3. **Jury Law.** — Chap. 1 of Title LVII. of the Revised Statutes, which prescribes the qualifications of jurors, exemptions from jury-service, etc., is a revision and reënactment of corresponding provisions of the jury law of 1876, and, when not otherwise provided, applies in criminal as well as in civil trials.

4. **Same — Challenge for Cause.** — By art. 3012, included in said chapter,

a juror is disqualified in a case if he has served as a petit juror "in a former trial of the same case, or of another case involving the same questions of fact." This is applicable in criminal cases, and it was error to overrule a defendant's challenge and force upon him a juror who had served as a petit juror in the trial of a party separately indicted and tried as a *particeps criminis* in the same offence charged against the defendant on trial.

APPEAL from the District Court of Nueces. Tried below before the Hon. J. C. RUSSELL.

The indictment and conviction were for assault with intent to murder, and five years in the penitentiary the punishment assessed and adjudged. As the opinion states all necessary matters of fact, there is no occasion to detail the evidence.

*McCampbell & Givens*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.  The most important question presented for revision in this case is that set forth in defendant's fourth error assigned, and in his fourth bill of exceptions to the rulings of the court. By the bill of exceptions it is shown that the defendant applied to the court for a change of venue, based on the first ground for change of venue set out in art. 578 of the Code of Procedure : " That there exists in the county where the prosecution is commenced so great a prejudice against him that he cannot obtain a fair and impartial trial.''

That the application is based upon this ground is apparent by the motion for change of venue, and as cause therefor the following statement will be found appended to the motion : "And this defendant upon oath says that there exists in this county, wherein said cause and prosecution is commenced, so great a prejudice against him that he cannot obtain a fair and impartial trial.'' The motion is sworn to, and is accompanied by an affidavit sworn to and subscribed by eight persons, which affidavit is as follows : "And now

in the above numbered and entitled cause come the under-
signed citizens and residents of Nueces County in the State
of Texas, and on our oath do say, and each for himself says,
that there exists in the county of Nueces, where this prose-
cution against defendant is commenced, so great a prejudice
against the said defendant, Patrick Dunn, that he cannot
obtain a fair and impartial trial."

The motion for a change of venue made by the defendant
was resisted by the district attorney, who filed an affidavit
in writing, in which he " denies each and all of the matters
and things set out and contained in the defendant's applica-
tion for a change of venue in this behalf, filed herein on the
nineteenth day of November, A. D. 1879, and that he
knows of his own personal knowledge that defendant can
obtain a fair and impartial trial of said cause in this county
of Nueces, and that there is no such prejudice against him as
would at all prevent such fair and impartial trial; and that
the persons whose affidavits are annexed to defendant's said
application for a change of venue herein have not sufficient
means of knowledge to support the allegation set out in
their said affidavits; that said affiants, to wit, William Cody,
James Cody, and William Cody, Jr., are nearly related by
consanguinity to one Mathew Cody, who is indicted in this
court for being *particeps criminis* to the identical offence
with which defendant is charged in this cause; and that the
said affiant Thomas Gallagher stated, after signing the
same, that he was compelled to do so; and that the other
affiants, according to this affiant's information and belief,
are in sympathy with and more or less interested with the
defendant in this cause."    And the district attorney prayed
the court to inquire into the truth and sufficiency of the de-
fendant's application for change of venue, and, after a full
hearing of the same, that it be in all things denied, and the
case proceed to trial in the county where it was then pend-
ing.

The district attorney also filed, in support of his resist-

ance to the motion, an affidavit made by some twenty persons, to the effect following: "And now in the above numbered and entitled cause come the undersigned citizens and credible persons, residents in Nueces County, State of Texas, each in his own proper person, and upon their oath do say, and each for himself says, that there exists no prejudice in this said county such as would at all prevent this defendant from obtaining a fair and impartial trial in said county, where this said prosecution is now pending, and that he can obtain in this said county a fair and impartial trial of this cause."

At this stage of the proceeding the defendant excepted to the sufficiency of the affidavits filed against the application for a change of venue, on the following grounds: " 1. That the affidavit upon which it is sought to make an issue is made by the district attorney, who is not a resident of this county ; that said district attorney was never in this county until a short time before the commencement of this term of the court ; that he knows nothing of the general sentiment or feeling of the people of the county, and he has no means of knowing of the existence of the prejudice complained of ; and that he is not a disinterested witness, and in the nature of his office is not a proper person to make said affidavit. 2. And this defendant shows that all the other affidavits are irrelevant and immaterial, and that no issue can be formed on said affidavits in accordance with art. 583 of the Code of Criminal Procedure ; and further, that said affidavits are not authorized by law." And he prayed the court that the affidavits be stricken out. The court overruled these exceptions, and refused to strike out the affidavits ; and the ruling was saved by the bill of exceptions. And the court proceeded to hear evidence both for and against the motion for a change of venue, and thereupon overruled the motion for a change of venue ; and to the ruling the defendant reserved a bill of exceptions.

This bill of exceptions presents two questions: *first*, as

to the correctness of the ruling of the court in overruling the exceptions of the defendant to the affidavits offered in opposition to the motion for change of venue ; and *secondly*, the correctness or otherwise of the action of the court in overruling the motion for change of venue. The solution of the first question depends upon a proper construction and application of art. 583 of the Code of Criminal Procedure, which is as follows : "The credibility of the persons making affidavit for change of venue, or their means of knowledge, may be attacked by the affidavit of a credible person, and the issue thus formed shall be tried and determined by the judge, and the application granted or refused as the law and the facts shall warrant."

This article is of recent enactment, and is in effect an amendment of, or in addition to, what had before its enactment been provided on the subject of change of venue when asked by the defendant in a criminal prosecution. The only law, before the article under consideration was provided, on the subject of change of venue by the defendant, is found reënacted in art. 578 of the Code of Criminal Procedure.

Now by reading the former law with and considering it in connection with the recent enactment, to our minds the intent of the Legislature in the enactment of the later article is apparent. Whilst it is provided in art. 578 that a change of venue may be granted on the written application of the defendant, supported by his own affidavit and the affidavit of at least two credible persons, residents of the county where the prosecution is instituted, for either of the two causes mentioned in the article, — and there are but two causes on account of which a change of venue will be granted on the application of a defendant, — it directs that the court shall determine the *truth and sufficiency* of the cause set out in the defendant's application, but prescribes no definite rule by which the court shall be guided in determining the truth and sufficiency of the defendant's applica-

tion ; and this defect in art. 578, in our opinion, the Legislature intended to supply by the enactment of art. 583.

To our mind, art. 583 was intended to and does provide for the formation of an issue to be tried by the court on the application, in that it authorizes the State, on affidavit of a credible person, to attack the credibility of the persons making affidavit for change of venue, or their means of knowledge. In other words, the issue tendered the State by the defendant in his application may be accepted by the State, by proposing to show to the court either one of two things, — that the persons who made the affidavit were not credible persons, or that they did not possess the necessary means of knowledge as to the facts to which they had deposed ; and these means are provided for in the later article of the Code. It is not provided in this article that an issue is to be formed as to the truth and sufficiency of the application, nor indeed was it necessary, as art. 578 provided for that by requiring the judge to judge of them ; but if it is intended to make an issue as to the credibility of the persons, or the means of knowledge of those who swear for the change of venue, then, by art. 583, this may be done by attacking either by the affidavit of a credible person.

With regard to the present case, we are of opinion that the affidavit of the district attorney put in issue both the truth and sufficiency of the application, and as well the credibility of the persons who made the affidavit for a change of venue, or their means of knowledge ; that it was competent for the district attorney to make the affidavit ; and that the court did not err in overruling the exceptions of the defendant on either ground of exception. The question, the issue before the court, under the pleadings, was prejudice or not, and whether the persons who made the affidavits in support of the motion were credible persons, and in possession of sufficient means of knowledge to make the affidavit. In determining as to the credibility and means of knowledge of the supporting affiants, and in

hearing testimony on the issue formed, the court was governed by the general rule of evidence, and was author- ized to inquire not merely as to whether the affiants had sworn or were likely to swear falsely, but also into their motives, intent, and feelings, relationship to the party, and the like, and their opportunities and means of knowledge as to the matter to which they testified, in order that the court could determine the very truth as to the facts under investigation. A person may be a truthful man in the ordinary acceptation of the term, and still not be a credible person in matters of this nature, involving information, feel- ings, prejudice, and the like.

The testimony on which the judge acted in refusing to change the venue is set out in the bill of exceptions. The most that can be said of it in favor of the defendant is that the evidence is conflicting. We cannot say that the evidence was so unsatisfactory as that the action of the court was clearly wrong, and to the prejudice of the defend- ant's right to a fair and impartial trial.

There are other questions of importance to the rights of the appellant as well as of interest to the public. On the trial below, and whilst the jury was being formed, the defendant challenged for cause several jurors who had served for six days in the District Court during the six months next preceding the term of the court then sitting, and the challenge was overruled. These persons, it seems, were peremptorily challenged, so that they did not sit on the case, except one Hickey, who sat on the trial, when it is shown that he had sat on the trial of one Mat Cody, who was an indicted *particeps criminis* in the offence charged against the defendant, and involving the same facts. The judge, in giving a bill of exceptions, says these jurors were in all respects qualified under the requirements of the Code of Criminal Procedure. The causes of challenge as laid down in the Code of Criminal Procedure are not in all respects identical with those in the Revised Statutes at Large.

By the Code of Criminal Procedure, art. 636, it is pro-

vided, among other things, that a challenge for cause may be made on the reason that the proffered juror has "served on a petit jury in a former trial of the same case." By art. 3012, Revised Statutes, among the persons named as being disqualified to serve as petit jurors in any particular case is, "Any person who has sat as a petit juror in a former trial of the same case, or of another case involving the same questions of fact." These two clauses are susceptible of being construed together, so that both may stand. To our mind, the articles of the Revised Statutes, chap. 1 of Title LVII., relate to, and are but a revision of, the jury law of 1876, in the main, and, unless otherwise provided, relate to the formation, qualification, and exemption as well in criminal as in civil trials. This is the plain import of the law, and it would be a monstrous interpretation to hold that a juror would be incompetent in a civil suit, involving, it may be, a paltry sum, and competent when liberty or life is involved. The juror Hickey was not a competent juror under the law, and the defendant should not have been forced to try before him, under the circumstances set out in the bill of exceptions, and the challenge for cause should have prevailed.

The sufficiency of the indictment is called in question by a motion in arrest of judgment as well as by preliminary exceptions. It is not necessary to say more than that, under repeated rulings of both the Supreme Court and this court, the indictment is sufficient both as to form and substance.

Other questions are presented by the record, but have not been passed on, for the reason that they may not arise on another trial. For the error committed in the formation of the jury, the judgment is reversed, and the cause remanded for a new trial.

*Reversed and remanded.*